UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:22-cr-50-JA-PRL
    18 U.S.C. § 922(g)(1)

LEWIS TINSON JR.

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about August 27, 2021, in the Middle District of Florida and elsewhere, the defendant,

**LEWIS TINSON JR.**,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Carjacking with Firearm**, on or about March 28, 2012;
2. **Possession of Firearm by Delinquent**, on or about March 28, 2012;
3. **Possession of Firearm by Convicted Felon**, on or about June 5, 2018; and
4. **Shoot at, within, or into a vehicle**, on or about June 5, 2018;

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Mossberg firearm, a Glock firearm, and a Taurus firearm.

In violation of 18 U.S.C. § 922(g)(1).

## COUNT TWO

On or about September 6, 2021, in the Middle District of Florida and elsewhere, the defendant,

**LEWIS TINSON JR.,**

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Carjacking with Firearm**, on or about March 28, 2012;

2. **Possession of Firearm by Delinquent**, on or about March 28, 2012;

3. **Possession of Firearm by Convicted Felon**, on or about June 5, 2018; and

4. **Shoot at, within, or into a vehicle**, on or about June 5, 2018;

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Cobra firearm.

In violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the

defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: a Mossberg firearm, a Glock firearm, a Taurus firearm, a Cobra firearm, and associated ammunition.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: *(signed)* Hannah J. Nouse
Hannah J. Nowalk
Assistant United States Attorney

By: *(signed)*
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
July 22

No. 5:22-cr-

# UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

LEWIS TINSON, JR.

## INDICTMENT

Violations:  18 U.S.C. § 922(g)(1)

A true bill



Foreperson

Filed in open court this 2nd day

of August, 2022.

_____
Clerk

Bail $_____